**FEDERAL DISTRICT COURT**
**DISTRICT OF CONNECTICUT**



FILED

2014 DEC -1  P 2: 13

US DISTRICT COURT
HARTFORD CT

3:14 CV 1793 (WWE)

| | |
|---|---|
| JOSEPH A. MULLIGAN, | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| STATE OF CONNECTICUT | : |
| DEPARTMENT OF DEVELOPMENTAL | : |
| SERVICES, | : |
| | : NOVEMBER 29, 2014 |
| Defendants | : |

<u>VERIFIED COMPLAINT:</u>

1. The plaintiff, Joseph A. Mulligan, is a resident of the state of Connecticut and resides at 600 Center Street, 2nd Floor, Manchester, CT 06040.

2. The plaintiff entered employment with the State of Connecticut Department of Developmental Services (DDS) in August of 2004 and has been continuously employed there as an Office Assistant since that date.

3. The Department of Developmental Services is an agency of the State of Connecticut with an address at 460 Capital Avenue, Hartford, Connecticut 06106.

4. There is federal jurisdiction over this case based upon the following:

    a. The defendant is the State of Connecticut, Department of Developmental Services;

    b. The plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.;

1

    c.  The plaintiff brings this action pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and the ADAA; and,

    d.  The plaintiff brings this action pursuant to Title V, Section 503 of the Americans with Disabilities Act, 42 U.S.C. 12203.

5.  The plaintiff has exhausted all administrative remedies with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC").

6.  The plaintiff received a right to sue letter from the EEOC on September 4, 2014. See exhibit 1, EEOC Right to Sue Letters dated September 3, 2014, 3 pages.

7.  The plaintiff received a release letter from the CHRO on June 27, 2014.  See Exhibit 2, CHRO Release Letter dated June 26, 2014.

8.  From 2006 through February of 2013, the plaintiff was subjected to a hostile work environment, which included taunting, name calling, multiple instances of physical violence, emotional cruelty, psychological games, jokes and exclusion, all of which adversely affected his conditions of employment.

9.  The hostile work environment was based upon his gender/sex (male) and his perceived mental disability.

10. From February 2013 through the present, the plaintiff was subjected to disparate treatment in the form of higher scrutiny, more severe discipline for similar misconduct, and material changes in the location of his work environment.

11. From August 2012 through the present, the plaintiff was subjected to retaliation and heightened scrutiny.

12. From September 2012 through the present, the plaintiff was subjected to disability discrimination in the form of retaliation, being forced to submit to multiple Fitness for Duty examinations, and being given more severe discipline than that received by similary situated co-workers who received discipline.

13. From 2006 through 2013, the plaintiff repeatedly gave reasonable and actual notice to DDS by complaining to the Human Resources Affirmative Action Officer, his immediate supervisor, and his manager, about his experience of discrimination and physical assaults.

14. On February 25, 2012, the plaintiff contacted the CHRO and met with them to have an intake.

15. It wasn't until June 21, 2012, that the plaintiff filed his formal complaint with the CHRO and simultaneously opted for EEOC jurisdiction.

16. However, on or about June 12, 2012, the plaintiff received an email from the secretary in Human Resources to set up a meeting with Ms. Reid, an EEO investigator employed by the Department of Developmental Services, and to obtain union representation.

17. The plaintiff immediately called Lorna Reid and was informed that she wanted to meet with him and his union representative, and that she had a conversation with his co-workers, Bethany L. and Carol Z., who were alleging that the plaintiff had sexually harassed Bethany L.

18. It was on June 22, 2012, that Lorna Reid met with the plaintiff and his union representative, Katherine Dubuc.  It was apparent during that meeting that Ms. Reid had already come to a conclusion that the plaintiff was culpable based upon

what she was told even though she had only just begun her investigation. Evidence of Ms. Reid's bias and lack of credibility is that she falsely included in her report that the plaintiff had admitted to her that he was guilty of the alleged conduct, which the plaintiff vehemently denies and denied to her when interviewed with the union representative present.

19. On July 3, 2012, Bethany L. was loitering in the plaintiff's work area, chatting and laughing with a co-worker, Christina T.  When the plaintiff complained that it made him uncomfortable, he was told by Lorna Reid, "there's nothing I can do."

20. On July 12, 2012, the plaintiff received a letter from Lorna Reid with her findings in it.  In the letter, Reid concluded that the plaintiff had engaged in sexual harassment and recommended that the plaintiff take sexual harassment training as a remedy.

21. On or about July 18, 2012, the plaintiff was informed by Human Resources director, Sarah Cook, that he was scheduled for a pre-termination Loudermill hearing on August 1, 2012.  Cook further informed the plaintiff that the hearing was based upon the EEO investigation and that, in addition to the sexual harassment charge, the plaintiff was facing discipline for violating workplace rule #3.

22. Workplace rule #3 states, "Any behavior that endangers the safety and teasing or horseplay is prohibited.  Direct or implied threats, even those made in a joking manner, are prohibited."

41. As a result of the disparate treatment, the plaintiff suffered material changes to his work status including;

    a.  Being transferred to a work location in Willimantic, Connecticut on or about March of 2013;

    b.  Being put out of work for extended periods of time, exceeding three (3) days; and

    c.  Being subjected to heightened scrutiny regarding his job performance and work place conduct.

42. As a result of the disparate treatment of the plaintiff, the plaintiff suffered injury and damages not limited to:

    a.  Emotional distress and trauma which impacted his physical and mental health;

    b.  Lost wages;

    c.  Lost opportunities to transfer to another job with the defendant;

    d.  Loss of reputation.

43. The defendant and/or its agents engaged in actions in violation of Title VII based upon the plaintiff's gender/sex (male).

**COUNT TWO:  VIOLATION OF TITLE VII: Retaliation:**

44. The plaintiff hereby incorporates paragraphs 1 through 43, as though fully set forth herein.

45. As a direct result of the plaintiff's protected activity via his complaints to the defendant and its agents regarding his experience of a hostile work environment and the plaintiff's protected activity of filing a complaint with the CHRO and

8

EEOC, the defendant and/or its agents retaliated against the plaintiff by, but not limited to, the following:

   a. The defendant meted out harsher punishment to the plaintiff for alleged misconduct than it did to similarly situated co-workers who engaged in worse misconduct;

   b. The defendant transferred the plaintiff to a remote work location; and,

   c. The defendant repeatedly put the plaintiff out of work for specious reasons and the plaintiff lost wages.

**COUNT THREE: Violation of ADA: Failure to Engage in Reasonable Accommodation Process:**

46. The plaintiff hereby incorporates paragraphs 1 through 43 as though fully set forth herein.

47. The plaintiff is disabled or was perceived as disabled by the defendant and its agents.

48. The defendant, without engaging in a reasonable accommodation process, was notified via letter from Mr. Daley on March 1, 2013, that the plaintiff was summarily transferred to a remote work location in Willimantic, Connecticut commencing on March 22, 2013.

49. The defendant wrongfully transferred the plaintiff due to its, its agents and its employees' perception that the plaintiff is mentally disabled and their perception that the plaintiff is disabled in his ability to interact with others.

50. As a result of the defendant's discriminatory and wrongful conduct, the plaintiff has suffered:

9

    a.  Emotional distress;

    b.  Monetary losses affiliated with his substantially lengthened commute.

**COUNT FOUR: ADA Violations: Disparate Treatment Based Upon Perceived Disability:**

51. The plaintiff hereby incorporates paragraphs 1 through 50, as though fully set forth herein.

52. As a result of the defendant's, and the defendant's agents' and/or employees' perception that the plaintiff had a disability, the defendant caused the plaintiff to be subjected to disparate treatment as compared to other similarly situated employees.

53. Such disparate treatment consisted of, but is not limited to, the following:

    a.  The plaintiff was subjected to two unnecessary and unwarranted fitness for duty examinations by two different doctors chosen by the defendant, including a psychological evaluation;

    b.  The defendant responded to the plaintiff's complaints of harassment in the workplace by summarily putting him out of work on multiple occasions;

    c.  The plaintiff was forced to obtain, at his own expense, a fitness for duty evaluation by a doctor that cleared him to return to work;

    d.  The plaintiff's complaint about his supervisor, Jane Sisco, spraying perfume in the workplace resulted in the defendant summarily putting the plaintiff out of work;

    e.  The plaintiff was subjected to a hostile and intimidating meeting by Gerry Daley and the Regional Director on the first day he returned to work on February 13, 2012; and,

    f.  The plaintiff was subjected to heightened scrutiny on the job regarding his performance and work place conduct.

54. As a result of this discriminatory disparate treatment the plaintiff has suffered damages.

**COUNT ONE: Title VII Gender Discrimination Via Hostile Work Environment:**

55. The plaintiff incorporates paragraphs 1 through 38 as though fully set forth herein.

56. The plaintiff was subjected, on a daily basis, to hostile treatment from his female co-workers, and his immediate supervisor, Linda Gamache, as follows:

    a.  He was physically assaulted and physically threatened multiple times by his female co-workers;

    b.  He was called names, such as "butt head" and told that he talked "black";

    c.  He was taunted and subjected to isolation and exclusion;

    d.  His immediate supervisor, Linda Gamache, sprayed perfume and hairspray in the vicinity of the plaintiff even though she knew he had a sensitivity to such substances;

    e.  He was told to "sit down and shut up" when he complained about inappropriate conduct in the workplace; and,

      f.  His immediate supervisor, Linda Gamache, openly displayed a picture in the workplace of a scantily clad male model.

57. As a result of the hostile work environment, the plaintiff suffered;

      a.  Emotional distress including symptoms of physical illness; and,

      b.  Loss of wages, loss of sick time, loss of personal leave time and money damages.

PRAYER FOR RELIEF:

WHEREFORE, the plaintiff respectfully prays that this Court award damages, including:

1. Money damages;

2. Reasonable attorney's fees and expenses;

3. Reinstatement of his former position and work location;

4. Back pay;

5. Lost vacation and sick pay;

6. Erasure of the sexual harassment discipline from the plaintiff's work records;

7. That the DDS be ordered to update their curriculum for sexual harassment prevention to include the awareness that males may be potential victims; and,

8. That the DDS be ordered to make all employees attend sensitivity training to increase awareness of diversity and issues surrounding a diverse workforce.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES TRIABLE BY A JURY**

Dated: November 29, 2014

Respectfully Submitted By:

L. Kay Wilson (ct16084)
Wilson Law Firm
2389 Main Street
Glastonbury, CT 06033
860-559-3733 (phone)
860-659-1625 (fax)
Wilson@kaywilsonlaw.com

<u>VERIFICATION:</u>

      I, Joseph A. Mulligan, have read the foregoing complaint and know the contents thereof.  The factual statements therein relating to my claims are trued based upon my own knowledge, except as to those matters which are alleged on information and belief, and as to those matters, I believe them to be true.

      I swear under penalty of perjury that the foregoing is true and correct.

      Executed this 29th day of November 2014, in Glastonbury, Connecticut.

Joseph A. Mulligan

NOTARY PUBLIC:

My Commission Expires
April 30, 2016

14

# EXHIBIT   1



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2015 4285

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

September 3, 2014

Mr. Joseph Mulligan
c/o Michelle Gramlich, Esquire
Employee Rights
57 State Street
North Haven, CT  06473

Re:  EEOC Charge Against State of Connecticut, Dept. of Developmental Services
     No. 16A201201088

Dear Mr. Mulligan:

     Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since the date
the Commission assumed jurisdiction over the charge, and no suit based
thereon has been filed by this Department, and because you through your
attorney have specifically requested this Notice, you are hereby notified
that you have the right to institute a civil action under Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against
the above-named respondent.

     If you choose to commence a civil action, such suit must be filed in
the appropriate Court within 90 days of your receipt of this Notice.

     The investigative file pertaining to your case is located in the EEOC
Boston Area Office, Boston, MA.

     This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is meritorious.

                          Sincerely,

                     Molly J. Moran
                Acting Assistant Attorney General
                     Civil Rights Division

             by  *Karen S. Ferguson*

                    Karen L. Ferguson
                Supervisory Civil Rights Analyst
                Employment Litigation Section

cc: Boston Area Office, EEOC
    State of Connecticut, Dept. of Developmental Services



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2015 4285

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

September 3, 2014

Mr. Joseph Mulligan
c/o Michelle Gramlich, Esquire
Employee Rights
57 State Street
North Haven, CT  06473

Re:  EEOC Charge Against State of Connecticut, Dept. of Developmental Services
     No. 16A201300550

Dear Mr. Mulligan:

     Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since the date
the Commission assumed jurisdiction over the charge, and no suit based
thereon has been filed by this Department, and because you through your
attorney have specifically requested this Notice, you are hereby notified
that you have the right to institute a civil action under Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against
the above-named respondent.

     If you choose to commence a civil action, such suit must be filed in
the appropriate Court within 90 days of your receipt of this Notice.

     The investigative file pertaining to your case is located in the EEOC
Boston Area Office, Boston, MA.

     This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                              Molly J. Moran
                    Acting Assistant Attorney General
                         Civil Rights Division

                    by  *Karen L. Ferguson*

                         Karen L. Ferguson
                    Supervisory Civil Rights Analyst
                    Employment Litigation Section

cc: Boston Area Office, EEOC
    State of Connecticut, Dept. of Developmental Services



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2015 4285

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

September 3, 2014

Mr. Joseph Mulligan
c/o Michelle Gramlich, Esquire
Employee Rights
57 State Street
North Haven, CT  06473

Re:  EEOC Charge Against State of Connecticut, Dept. of Developmental Services
     No. 16A201300550

Dear Mr. Mulligan:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:

     Title I of the Americans with Disabilities Act of 1990,
     42 U.S.C. 12111, et seq., and,
     Title V, Section 503 of the Act, 42 U.S.C. 12203.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC Boston Area Office, Boston, MA.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                   Sincerely,

                   Molly J. Moran
           Acting Assistant Attorney General
             Civil Rights Division

          by

                Karen L. Ferguson
          Supervisory Civil Rights Analyst
          Employment Litigation Section

cc: Boston Area Office, EEOC
     State of Connecticut, Dept. of Developmental Services

# EXHIBIT   2

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Joseph Mulligan
COMPLAINANT

CHRO No. 1340280

vs.

EEOC No. 16A-2013-00550

State of Connecticut, Department of Developmental Services
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION   BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

June 26, 2014
DATE

Tanya A. Hughes
Executive Director

Sent to:
Complainant's attorney:  michellegramlich@employeerightsllc.com
Respondent's attorney:  nancy.brouillet@ct.gov